NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FALL LINE PATENTS, LLC,**
*Appellant*

**v.**

**UNIFIED PATENTS, LLC, FKA UNIFIED PATENTS, INC.,**
*Appellee*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2019-1956

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00043.

---

Decided:  December 19, 2022

---

MATTHEW JAMES ANTONELLI, Antonelli, Harrington & Thompson, LLP, Houston, TX, for appellant.  Also represented by ZACHARIAH HARRINGTON, LARRY D. THOMPSON,

JR.; SARAH RING, Porter Hedges LLP, Houston, TX.

JAMES R. BARNEY, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, for appellee. Also represented by DANIEL COOLEY, Reston, VA; JONATHAN R. BOWSER, Haynes & Boone, LLP, Washington, DC; JONATHAN RUDOLPH KOMINEK STROUD, Unified Patents LLC, Washington, DC.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by DANIEL KAZHDAN, THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED.

---

Before HUGHES, BRYSON, and STARK,[1] *Circuit Judges.*

Hughes, *Circuit Judge.*

In the wake of *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021), we remanded to the U.S. Patent and Trademark Office to allow appellant Fall Line Patents, LLC to seek Director rehearing of a final written decision of the Patent Trial and Appeal Board. Then-Commissioner for Patents Andrew Hirshfeld, who had been delegated the functions and duties of the Director during a vacancy of the office, denied the request for rehearing. Fall Line challenges whether Commissioner Hirshfeld had the constitutional and statutory authority to act on requests for Director review. Our recent decision in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328 (Fed. Cir. 2022), says that he did. Consequently, we affirm.

---

[1]    Circuit Judge O'Malley retired on March 11, 2022. Circuit Judge Stark was added to the panel after Circuit Judge O'Malley retired from the Court.

I

Fall Line Patents, LLC was the respondent in an inter partes review proceeding that resulted in a final written decision by the Patent Trial and Appeal Board finding claims 16–19, 21 and 22 of U.S. Patent No. 9,454,748 B2 unpatentable. Fall Line appealed that decision to this Court, and, on July 28, 2020, we issued a nonprecedential decision that rejected Fall Line's real-party-in-interest challenge as unreviewable under 35 U.S.C. § 314(d) but vacated and remanded in view of our then-binding precedent in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019). *Fall Line Pats., LLC v. Unified Pats., LLC*, 818 F. App'x 1014 (Fed. Cir. 2020). Following the Supreme Court's decision in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021), the Supreme Court granted certiorari and vacated our decision in this case. *Iancu v. Fall Line Pats., LLC*, 141 S. Ct. 2843 (2021).

We then entered an order remanding the case to the U.S. Patent and Trademark Office for the limited purpose of allowing Fall Line the opportunity to request Director rehearing, which Fall Line did. The offices of Director and Deputy Director were vacant at the time, however, and so the responsibility of addressing Fall Line's request fell to the Commissioner of Patents, Andrew Hirshfeld. Commissioner Hirshfeld ultimately denied the rehearing request.

We then reinstated the appeal and granted Fall Line's request for supplemental briefing to address whether Commissioner Hirshfeld had the requisite authority to act on the request for further review. Fall Line argued that he did not, and that his exercise of the Director's authority violated the Appointments Clause and the Federal Vacancies Reform Act (FVRA). *See* Appellant's Second Supplemental Brief at 2–4.

After Fall Line submitted its supplemental brief, we held in *Arthrex Inc. v. Smith & Nephew, Inc.* (*Arthrex II*) that (1) "the Commissioner's exercise of the Director's

authority while that office was vacant did not violate the Appointments Clause," and (2) "the Commissioner's order denying Arthrex's rehearing request on the Director's behalf did not violate the FVRA." 35 F.4th 1328, 1335, 1339 (Fed. Cir. 2022). Furthermore, we explained how "the Patent Act broadly empowers the President, acting through the Director, to delegate the Director's duties as he sees fit." *Id.* at 1335. In light of that decision, we issued an order directing Fall Line to "show cause . . . as to why we should not summarily affirm in light of *Arthrex* [*II*]." ECF No. 124 at 2.

Fall Line submits that it has an additional argument—not considered by us in *Arthrex II*—as to why delegation to Commissioner Hirshfeld was improper. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

II

Fall Line argues "that the Patent Act does not authorize delegations *to the commissioners*," even if the Act authorizes delegations to other inferior officers. Appellant's Response to Show Cause Order at 1 (emphasis in original) (citing Appellant's Second Supplemental Reply Brief at 3–5). This argument is premised on the language of 35 U.S.C. § 3(b)(3), which allows the Director to appoint officers and employees to the agency (under § 3(b)(3)(A)) and delegate duties to them (under § 3(b)(3)(B)). *See* 35 U.S.C. § 3(b)(3) ("The Director shall . . . appoint such officers . . . as the Director considers necessary to carry out the functions of the Office, . . . and delegate to them such of the powers vested in the Office as the Director may determine.").

The office of the Commissioner, however, is established by 35 U.S.C. § 3(b)(2). *See* 35 U.S.C. § 3(b)(2)(A) ("The Secretary of Commerce shall appoint a Commissioner for Patents . . . ."). Fall Line argues that because the office of Commissioner is created by § 3(b)(2)—as opposed to § 3(b)(3)—the delegation authority found in "[§] 3(b)(3) does not apply to Commissioner Hirshfeld at all[.]"

Appellant's Second Supplemental Reply Brief at 4. *See also id.* ("[C]ommisioners are uniquely ***not*** authorized to perform the duties of the Director." (emphasis in original)).

We disagree with Fall Line's argument for two reasons. *First*, we held in *Arthrex II* that the Patent Act—specifically 35 U.S.C. § 3(b)(3)(B)—authorized the delegation of the Director's duties to the Commissioner:

> Congress *did* authorize the President to select the Commissioner to temporarily perform the Director's duties. That is because the Patent Act broadly empowers the President, acting through the Director, to delegate the Director's duties as he sees fit. *See* 35 U.S.C. § 3(b)(3)(B) ("The Director shall . . . delegate to [officers and employees] such of the powers vested in the Office as the Director may determine."); Patent and Trademark Office Efficiency Act, Pub. L. No. 106-113, § 4745, 113 Stat. 1501, 1501A-587 (1999) (codified at 35 U.S.C. § 1 note) (The Director "may delegate any of [his] functions . . . to such officers and employees . . . as [he] may designate.").
>
> . . .
>
> The Patent Act bestows upon the Director a general power to delegate "such of the powers vested in the [PTO] as the Director may determine." 35 U.S.C. § 3(b)(3)(B). There is nothing in the Patent Act indicating that the Director may not delegate this rehearing request review function.

*Arthrex II*, 35 F.4th at 1334–35, 1338 (all emphases and alterations in original). Our determination that § 3(b)(3) authorized the delegation to the Commissioner forecloses Fall Line's argument to the contrary. *Deckers Corp. v. United States*, 752 F.3d 949, 959 (Fed. Cir. 2014) ("In this Circuit, a later panel is bound by the determinations of a

prior panel, unless relieved of that obligation by an en banc order of the court or a decision of the Supreme Court.").

*Second*, we have already considered and rejected the argument that the delegation authority of § 3(b)(3)(B) is limited to delegates appointed by the Director under § 3(b)(3)(A). In arguing that delegating the authority to decide whether to institute inter partes review to the Board was improper, the appellant in *Ethicon Endo-Surgery, Inc. v. Covidien LP* argued that "the existence of 35 U.S.C. § 3(b)(3)(B), which allows the Director to delegate duties to officers and employees she appoints, evidences a congressional purpose to cabin the Director's authority with respect to delegation." 812 F.3d 1023, 1032 (Fed. Cir. 2016). We disagreed, holding that "§ 3(b)(3) cannot be read to limit the ability of the Director to delegate tasks to agency officials not mentioned in § 3(b)(3)." *Id.* at 1033.

### III

Having considered Fall Line's final argument and found it unpersuasive, we affirm the Board's decision finding claims 16–19, 21, and 22 of the '748 patent unpatentable.

**AFFIRMED**